# Allemannia Fire Insurance Company, Plff. in Err., *v.* Joseph S. White et al., Partners as Stevenson, Craig, & Company.

The temporary suspension of the operations of a steam engine in a planing mill and lumber yard, materially decreasing the risk, the other business continuing, will not avoid a policy, conditioned to become void, "on suspending operations without special agreement indorsed on the policy." ·

(Argued October 11, 1887.   Decided October 31, 1887.)

October Term, 1887, No. 86, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Error to the Common Pleas of Lawrence County to review a judgment for plaintiffs in assumpsit upon a policy of fire insurance.   Affirmed.

---

NOTE.—A policy will not be forfeited without express agreement. Becker v. Farmers' Mut. F. Ins. Co. 48 Mich. 610, 12 N. W. 874.

The question of vacancy or nonoccupancy and the question of increase of risk from these and other changes of circumstances are questions of fact for the jury. Gamwell v. Merchants' & F. Mut. F. Ins. Co. 12 Cush. 167; Luce v. Dorchester Mut. F. Ins. Co. 105 Mass. 297, 7 Am. Rep. 522; Williams v. People's F. Ins. Co. 57 N. Y. 274; Cummins v. Agricultural Ins. Co. 67 N. Y. 260, 23 Am. Rep. 111; Robinson v. Mercer County Mut. F. Ins. Co. 27 N. J. L. 134; Wood, Ins. p. 439, and cases cited.

But when the undisputed facts, as naturally interpreted, show vacancy and nonoccupancy and consequent increase of risk, or where there is no evidence to rebut, modify, or explain the evidence of increased risk from the change, there is no question of fact to submit to the jury; and it becomes the duty of the court to declare the verdict.   Sleeper v. New Hampshire F. Ins. Co. 56 N. H. 401; Ashworth v. Builders' Mut. F. Ins. Co. 112 Mass, 423, 17 Am. Rep. 117; Dittmer v. Germania Ins. Co. 23 La. Ann. 458, 8 Am. Rep. 600.

In Keith v. Quincy Mut. F. Ins. Co. 10 Allen, 228, cited with approval in Moore v. Phœnix F. Ins. Co. 64 N. H. 140, 10 Am. St. Rep. 384, 6 Atl. 27, the building insured was a trip-hammer shop; and business therein was suspended for thirty days, the machinery and tools remaining there and the plaintiff's son going through the shop nearly every day to see if things were right,—*Held*, not occupancy within the requirements of the policy.

In Day v. Mill-Owners' Mut. F. Ins. Co. 70 Iowa, 710, 29 N. W. 443, a policy on a flour mill was subject to a condition that if the mill should be shut down for more than twenty days without notice, or remain idle from any cause whatsoever, the policy should be suspended,—*Held*, a stoppage for more than twenty days without notice, for the purpose of repairs to the mill race, was within the provision and suspended the policy.

Ceasing to operate a tannery will· not avoid a policy, if the use of the

This was assumpsit upon a policy of fire insurance upon a two-story planing mill, steam engine, and stock of sash, doors, and lumber.

The defense was forfeiture for suspending operations.

For some months after the date of the policy, the steam engine was run for a number of days in each month; but for seven months prior to the fire the engine was not operated, although the other business of the mill and yard was not suspended.

Defendant contended that the policy was forfeited under the following provisions:

"This policy shall become void and of no effect:

"7th. By the failure or neglect of the assured to notify the company of an increase of hazard by change or use of occupancy, vacancy or nonoccupancy, or by the erection of neighboring buildings; or if operating manufacturing establishments, in

---

premises was the same as at the time of the insurance. Lebanon Mut. F. Ins. Co. v. Erb, 112 Pa. 149, 4 Atl. 8.

A condition in a policy is not violated by a mere temporary suspension of the business for the purpose of repairing or for the want of a supply of material. Lebanon Mut. F. Ins. Co. v. Leathers, 5 Sad. Rep. 226.

Where the application stated that all stove pipes entered brick chimneys, such statement amounted to a continuing covenant; yet a liberal compliance is not required, and evidence is admissible to show that a stove pipe passing through the roof was just as safe as if it entered the chimney, and the question is for the jury. Bankhead v. Des Moines Ins. Co. 70 Iowa, 387, 30 N. W. 740.

Whether a change in the machinery of a factory increases risk is a question for the jury. Manheim Mut. F. Ins. Co. v. Thompson, 1 Sad. Rep. 18.

As to sufficiency of evidence to shown nonoccupancy and construction of provisions against, see Bennett v. Agricultural Ins. Co. 50 Conn. 420; Insurance Co. v. Garland, 108 Ill. 220; Niagara F. Ins. Co. v. Drda, 19 Ill. App. 70; Dennison v. Phoenix Ins. Co. 52 Iowa, 457, 3 N. W. 500; Kimball v. Monarch Ins. Co. 70 Iowa, 514, 30 N. W. 862; Sexton v. Hawkeye Ins. Co. 69 Iowa, 99, 28 N. W. 462; Litch v. North British & M. Ins. Co. 136 Mass. 491; Shackelton v. Sun Fire Office, 55 Mich. 288, 54 Am. Rep. 379, 21 N. W. 343; Stupetski v. Transatlantic F. Ins. Co. 43 Mich. 373, 38 Am. Rep. 195, 5 N. W 401; Becker v. Farmers' Mut. F. Ins. Co. 48 Mich. 610, 12 N. W. 874; Boright v. Springfield F. & M. Ins. Co. 34 Minn. 352, 25 N. W. 796; Moore v. Phoenix F. Ins. Co. 64 N. H. 140, 10 Am. St. Rep. 384, 6 Atl. 27; Hill v. Equitable Mut. F. Ins. Co. 58 N. H. 82; Sonneborn v. Manufacturers' Ins. Co. 44 N. J. L. 220, 43 Am. Rep. 365; Johnson v. New York Bowery F. Ins. Co. 39 Hun, 410; Bennett v. Agricultural Ins. Co. 106 N. Y. 243, 12 N. E. 609; Somerset County Mut. F. Ins. Co. v. Usaw, 112 Pa. 80, 56 Am. Rep. 307, 4 Atl. 355; Mutual F. Ins. Co. v. DeHaven, 2 Sad. Rep. 371; Haws v. Fire Asso. 114 Pa. 431, 7 Atl. 159; Hotchkiss v. Home. Ins. Co. 58 Wis. 297, 17 N. W. 138; Alkan v. New Hampshire Ins.

whole or in part, over or extra time, or suspending operations therein, without special agreement indorsed on this policy."

The court, McMICHAEL, J., remarking that the clause was somewhat vague and uncertain, charged the jury that if operations were suspended without special agreement indorsed, the policy became void [The purport of the seventh clause is that if the property insured be a manufacturing establishment, and all of the establishment or parts of it be operated over or more than the ordinary or usual time for operating such establishments, if it be operated extra time, or if operations are suspended in it without special agreement indorsed on the policy, permitting such operating, during unusual times or extra times, or permitting such suspension, then the policy shall become void and of no effect.   That leaves out of the question the argument

Co. 53 Wis. 136, 10 N. W. 91; Wakefield v. Orient Ins. Co. 50 Wis. 532, 7 N. W. 647; Fitzgerald v. Connecticut F. Ins. Co. 64 Wis. 463, 25 N. W. 785.

A warranty is part and parcel of the contract itself; while a representation, not being of the essence of the contract, but relating to something collateral or preliminary, and in the nature of an inducement to it, although false, does not avoid the policy unless it relates to a fact actually material or clearly intended to be made material by the agreement of the parties, Alabama Gold L. Ins. Co. v. Johnston, 80 Ala. 467, 60 Am. Rep. 112, 2 So. 125.

Distinction between warranties and representations.    Id. Presbyterian Mut. Assur. Fund v. Allen, 106 Ind. 593, 7 N. E. 317; Dwight v. Germania L. Ins. Co. 103 N. Y. 341, 57 Am. Rep. 729, 8 N. E. 654; Miller v. Germania F. Ins. Co. 13 Phila. 551.

An insurance company insuring property used in a business is presumed to have in mind the nature of the undertaking and the usual methods of doing business.    Steers v. Home Ins. Co. 38 La. Ann. 952; See note to Wheeler v. Traders' Ins. Co. 1 New Eng. Rep. 319.

A stipulation in a policy of fire insurance providing that no recovery shall be had if the business shall be suspended will not prevent a recovery where the conditions are the same as at the time of the issuance of the policy.    Bole v. New Hampshire F. Ins. Co. 159 Pa. 53, 28 Atl. 205; Louck v. Orient Ins. Co. 176 Pa. 638, 33 L. R. A. 712, 35 Atl. 247; Louck v. Reading F. Ins. Co. 9 York Legal Record, 169; Platzgraff v. Fidelity Ins. Co. 10 York Legal Record, 57; Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149, 4 Atl. 8.   Nor will the policy be avoided by a temporary suspension of the work.   Lebanon Mut. Ins. Co. v. Leathers, 5 Sad. Rep. 226; Ehlers v. Aurora F. Ins. Co. 19 Pa. Co. Ct. 165, 6 Pa. Dist. R. 441, 5 Northampton Co. Rep. 401.   But a breach of the condition will prevent a recovery on the policy. Sechrist v. Codorus & M. Mut. Protection Ins. Co. 7 Pa. Super. Ct. 246. It is for the jury to say whether a change has resulted in an increase of the risk.   Manheim Mut. F. Ins. Co. v. Thompson, 1 Sad. Rep. 18, and note thereto.

which was made by the defendant's counsel to the court, that this clause means that suspension in whole or in part of operation in the establishment avoids this policy; but a suspension of operation as to part of that establishment would not be a suspension of operations thereof. They might quit running one machine, or many machines, so long as they continued operating in some other line of their business in the usual and ordinary way of operating a planing mill],—and submitted to the jury the single question whether there was such suspension as avoided the policy.

The court affirmed defendant's second, fourth, sixth, and seventh points, respectively, to the effect that parol evidence was inadmissible to affect the policy; that it was immaterial whether the risk was decreased by the suspension of operations; that the contract was contained in the policy; and that no agent could waive the terms thereof.

Defendant's first point was as follows:

1. That as the plaintiffs had the policy at all times in their possession, the condition of the policy was a continuing engagement, enduring through the life of the policy, and was at all times obligatory on the plaintiffs, and that it is presumed that they knew that it was necessary to have a special agreement to cease operation in part or in full, indorsed upon the policy.

*Ans.* "This point is refused; as I understand it, it asks the court to instruct you that the plaintiffs are presumed to have known that it was necessary to have a special agreement indorsed on the policy, giving them permission to cease operating any part of the machinery or business carried on in the planing mill, and if they so ceased to operate any part, without such special agreement being indorsed on the policy, the policy would be void. I do not find any such stipulations in the policy, and hence decline to instruct you."

The court refused defendant's third, fifth, and eighth points as follows:

3. That the fact that defendant's agents knew that the planing mill was used as a storehouse, both before and after the issuing of the policy, and was run irregularly, will not affect the case; but that the warranty or agreement contained in the policy, that if the mill was used as a manufacturing establishment, and operating ceased, in part or in whole, or suspending opera-

tions entirely, the policy should be null and void, must be complied with as a condition precedent to recovery on the policy.

5. That the provision of warranty or agreement in the last clause of § 7, art. A, that "This policy shall become void and of no effect, if operating manufacturing establishments, in whole or in part, over or extra time, or suspending operations therein, without special agreement indorsed on the policy," is a valid and binding contract; and waiver of the same must be indorsed on the policy.

8. That, under the admissions of plaintiffs and all the evidence in the case, the verdict of the jury must be for the defendant.

Verdict was returned for plaintiffs; and defendant took this writ, assigning as error the refusal of the first, third, fifth, and eighth points, the portion of the charge inclosed in brackets, and the admission in evidence of a conversation between plaintiffs' bookkeeper and an insurance agent, to the effect that it was understood that the steam engine should be run off and on.

*George E. Treadwell* and *W. H. Falls,* for plaintiff in error. —The policy was avoided under section 7 because of the suspension in operations without agreement indorsed on the policy. Pottsville Mut. F. Ins. Co. v. Fromm, 100 Pa. 352; Lancaster F. Ins. Co. v. Lenheim, 89 Pa. 497, 33 Am. Rep. 778; Birmingham F. Ins. Co. v. Kroegher, 83 Pa. 64, 24 Am. Rep. 147; Commonwealth Mut. F. Ins. Co. v. Huntzinger, 98 Pa. 41.

Waiver must be indorsed on the policy.   Universal Mut. F. Ins. Co. v. Weiss, 106 Pa. 20.

Contract of parties is found in the terms of the policy. Waynesboro Mut. F. Ins. Co. v. Conover, 98 Pa. 384, 42 Am. Rep. 618; White v. Western Assur. Co. 3 Sad. Rep. 276.

Knowledge of agents of defendant does not affect the case. State Mut. F. Ins. Co. v. Arthur, 30 Pa. 331; Birmingham F. Ins. Co. v. Kroegher, 83 Pa. 64, 24 Am. Rep. 147; Commonwealth Mut. F. Ins. Co. v. Huntzinger, 98 Pa. 41.

Condition in policy was a continuing engagement, enduring through the life of the policy.   Pottsville Mut. F. Ins. Co. v. Horan, 89 Pa. 438; Pottsville Mut. F. Ins. Co. v. Fromm, 100 Pa. 354.

*Dana & Long* and *D. B.* and *E. T. Kurtz,* for defendants in

error.—The policy should be construed most favorably to the insured.    Western Ins. Co. v. Cropper, 32 Pa. 351, 75 Am. Dec. 561; First Nat. Bank v. Hartford F. Ins. Co. 95 U. S. 673, 24 L. ed. 563; Teutonia F. Ins. Co. v. Mund, 102 Pa. 89, and Burkhard v. Travelers' Ins. Co. 102 Pa. 262, 48 Am. Rep. 205; Coursin v. Pennsylvania Ins. Co. 46 Pa. 323.

It must also be construed with reference to the subject-matter to which it applies.    Teutonia F. Ins. Co. v. Mund, 102 Pa. 89.

The words "in whole or in part," in the seventh section, relate to the operating "over or extra time," and not to "suspending operations."   This is the plain reading of the condition.

The principal operation went on continually to the time of the fire.

Although the engine had not been running for some time before the fire, the suspension was temporary, only for want of orders requiring it to be run, and because of leakage of the drumhead.

Such a suspension, had there been no other operations, would not have avoided the policy.   This was held in the late case of Lebanon Mut. Ins. Co. v. Leathers, 5 Sad. Rep. 226.

In this case a tannery ceased to be operated for several months for want of hides; and this was held not to be a "ceasing to operate" within the meaning of the policy.

In Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149, 4 Atl. 8, it was held that if the premises were substantially in the same condition at time of the fire as at time of insurance, there would be no ceasing to operate.

Per Curiam:

There is absolutely nothing at all in this case, for the principal complaint is that the plaintiffs forfeited their policy, not by doing that which increased the risk; on the contrary, by doing that which materially decreased that risk.

Extended comment on a case such as this would be to no purpose whatever.

The judgment is affirmed.